1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| FELICITAS ZAMBRANO, | ) Case No. 2:16-cv-01659-GMN-NJK |
| Plaintiff(s), | ) ORDER |
| vs. | ) (Docket No. 20) |
| CARDENAS MARKETS, INC., | ) |
| Defendant(s). | ) |

11
12
13
14
15

16          Pending before the Court is Plaintiff's motion to compel discovery or to amend the complaint.

17    Docket No. 20.  Defendant filed a response in opposition, and Plaintiff filed a reply.  Docket Nos. 26,

18    27.  The undersigned finds the motions properly resolved without oral argument.  *See* Local Rule 78-1.

19    For the reasons discussed more fully below, the motion to amend the complaint is **GRANTED** and the

20    motion to compel discovery is **DENIED** without prejudice.

21    **I.      BACKGROUND**

22          Plaintiff alleges that she slipped on a liquid substance inside a Cardenas Supermarket.  Docket

23    No. 1-2.  Plaintiff filed suit in state court, bringing a single cause of action for negligence.  *See id.*

24    Defendant removed the case to federal court on the basis of diversity jurisdiction.  *See* Docket No. 1.

25    The current dispute is whether certain discovery is relevant to the negligence claim as currently alleged

26    and/or whether Plaintiff should be permitted to allege a new claim that Defendant negligently hired,

27    trained and supervised its employees, and to allege the additional fact that the flooring was defective.

28    The Court finds it appropriate to address the motion for leave to amend first.

## II.    STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

## III.    ANALYSIS

Plaintiff's pending motion for leave to amend was filed initially on November 3, 2016. *See* Docket No. 19. The deadline to amend the pleadings expired on October 12, 2016. *See* Docket No. 9.

2

1    Hence, Plaintiff filed the motion to amend the complaint roughly three weeks after expiration of the

2    subject deadline, and the motion includes an implicit request to modify the scheduling order.

3            Defendant argues that the untimeliness of this motion dooms it.  In particular, Defendant notes

4    that the underlying discovery dispute giving rise to the request to amend arose as of September 22, 2016,

5    and the parties held a meet-and-confer on that dispute on October 10, 2016.  *See* Docket No. 26 at 14-15.

6    Defendant also notes that stipulations for extensions were filed during this period that did not request

7    an extension of the deadline to amend the pleadings.  *See id.* at 15.  Plaintiff responds that the timing

8    of her motion is explained by the circumstances of the discovery dispute.  In particular, Plaintiff argues

9    that she diligently pursued discovery and obtained important documents that had been unavailable to her.

10   *See* Docket No. 27 at 11.  She further contends that she diligently proceeded with seeking leave to

11   amend once the new claims were discovered.  *See id.*; *see also* Docket No. 20 at 6-7, 17.  Moreover,

12   Plaintiff's motion is primarily in response to Defendant's contention in disputing discovery that her

13   claims as initially alleged are not sufficiently broad to encompass all of the factual issues currently at

14   the forefront of the case.  *See* Docket No. 26 at 6-7.

15           The Court agrees with Plaintiff that good cause exists to modify the scheduling order as required

16   by Rule 16(b).  In particular, the dispute regarding the scope of Plaintiff's claims came to a head on

17   October 10, 2016, only two days before the deadline to amend the pleadings.  *See* Docket No. 20 at 6-7.

18   At that time, Defendant's position was crystalized that the initial complaint was not sufficiently broad

19   to encompass the issues being disputed.  *See id.*  Plaintiff then prepared and filed the motion for leave

20   to amend within a few weeks.  *See* Docket No. 19.  These circumstances establish that Plaintiff was

21   diligent in seeking leave to amend, such that "good cause" exists under Rule 16(b).

22           Having determined the "good cause" requirement in Rule 16(b) has been satisfied, the Court

23   turns to the considerations in Rule 15(a) as to whether leave to amend should be granted.  In this case,

24   Defendant does not dispute that the liberal standard of Rule 15(a) has been met here.  *See* Docket No.

25   26 at 13-15 (arguing only that the motion to amend was untimely).  Given the "extreme liberality" with

26   which Rule 15(a) is applied, the Court agrees that amendment is proper in this case.

27   //

28   //

3

**IV.    CONCLUSION**

For the reasons discussed more fully above, the motion to amend the complaint is **GRANTED**. Pursuant to Local Rule 15-1, Plaintiff shall file and serve the amended complaint no later than December 9, 2016.  The motion to compel discovery is **DENIED** without prejudice, and counsel shall reevaluate the propriety of the discovery at issue in light of the allegations in the amended complaint.

IT IS SO ORDERED.

DATED: December 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge