# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FELICITAS ZAMBRANO,                    )
                                       )
                 Plaintiff,            )        Case No.: 2:16-cv-01659-GMN-NJK
        vs.                            )
                                       )                    **ORDER**
CARDENAS MARKETS, INC., d/b/a          )
CARDENAS,                              )
                                       )
                 Defendant.            )
_____)

 

Pending before the Court is the Motion to Dismiss, (ECF No. 31), filed by Defendant Cardenas Markets, Inc. ("Defendant"). Plaintiff Felicitas Zambrano ("Plaintiff") filed a Response, (ECF No. 35), and Defendant filed a Reply, (ECF No. 36). For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

## I.    BACKGROUND

This action arises from an incident that occurred while Plaintiff was visiting Defendant's market on July 17, 2015. (Am. Compl. ¶¶ 1–6, ECF No. 30). During this visit, Plaintiff alleges that she stepped in a liquid substance and slipped, suffering injury. (*Id.*). Plaintiff alleges that there was no warning sign for the liquid substance or other caution in the area. (*Id.*).

On December 6, 2016, Plaintiff filed her Amended Complaint alleging (1) negligence and (2) negligent hiring, training, supervision, and retention. (*Id.* ¶¶ 7–8). In the instant Motion, Defendant seeks to dismiss Plaintiff's second cause of action. (Mot. to Dismiss 2:1–24, 3:1–15).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

Defendant asserts that the Court should dismiss Plaintiff's second cause of action alleging negligent hiring, supervision, training, and retention because Plaintiff fails to provide facts to support the claim. (Mot. to Dismiss 2:1–24, 3:1–15). Plaintiff contends that dismissal

is improper because the facts supporting her negligence claim also tend to support her negligent hiring claim. (Resp. 5:4–19). Plaintiff also argues that dismissal is improper because her requests for discovery give Defendant sufficient notice as to the facts of her second cause of action. (Resp. 7:1–3). The Court will consider each of these arguments in turn.

### A. Negligent Hiring, Training, Supervision, and Retention

In regards to hiring, Nevada employers "have a general duty to conduct a background check on any potential employee to ensure that their employees are fit for their positions." *Lambey v. Nevada ex rel. Dept. of Health & Human Services*, No. 2:07-cv-1268-RLH-PAL, 2008 WL 2704191, at \*3 (D. Nev. July 3, 2008). "An employer breaches this duty by hiring an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.* (internal quotation marks omitted).

In regards to negligent training, supervision, and retention, there are four elements: (1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Id.* at \*4.

Here, Plaintiff does not allege that Defendant was negligent in conducting background checks, nor does Plaintiff allege that Defendant knew or should have known that employees working at the store may have had dangerous or negligent propensities. Plaintiff also provides no factual basis to support the claim that Defendant breached its duty to "use reasonable care in the training supervision, and retention of employees." *Id.* In fact, Plaintiff's only reference to Defendant's employment practices states that Defendant was negligent because it "failed to hire responsible employees, failed to train their employees to keep the premises safe for customer use, failed to supervise its employees and retained employees that displayed unsafe practices." (Am. Compl. ¶ 7). These allegations are legal conclusions couched as factual allegations and are therefore insufficient to support Plaintiff's second cause of action. *See Twombly*, 550 U.S.

at 555. Furthermore, a rote allegation that Defendant's employees acted negligently is insufficient to establish Plaintiff's second cause of action. *See Colquhoun v. BHC Montevista Hosp., Inc.*, 2:10-cv-144-RLH-PAL, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010) (stating that "the fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training, or supervision").

Plaintiff cites *FGA, Inc. v. Giglio*, 278 P.3d 490, 496-97 (2012), to claim that "Nevada courts allow plaintiffs to recover under a mode of operation approach to premises liability." (Resp. 7:4–9). Not only did Plaintiff assert this approach for the first time in her Response to this Motion, but also Plaintiff's failure to allege sufficient facts in her Amended Complaint to support her claim of negligent hiring, training, supervision, and retention renders this argument ineffectual, regardless of the theory under which she alleges negligence.

Finally, Plaintiff's request for discovery does not save Plaintiff's claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Here, Plaintiff's Amended Complaint fails to allege facts specifically indicating how Defendant breached its duty. *See Colquhoun*, 2010 WL 2346607 at *3. Although Plaintiff contends that the necessary facts for her claim are apparent in discovery, it remains that Plaintiff has not pled the facts in the Amended Complaint, as required by Federal Rule of Civil Procedure 8. Thus, Plaintiff's second cause of action alleging negligent hiring, training, supervision, and retention must be dismissed. *See id.*

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the Court finds that Plaintiff can allege facts to support her second cause of action for negligent hiring, training, supervision, and retention. Thus, leave to amend is appropriate. Plaintiff shall have twenty-one (21) days from the date of this order to file her second amended complaint. Failure to file a second amended complaint by the required date shall result in the Court dismissing Plaintiff's second cause of action with prejudice.

## IV. __CONCLUSION__

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that because Plaintiff is granted leave to amend her Complaint, Plaintiff's Motion for Partial Summary, (ECF No. 37), and Defendant's Motion for Summary Judgment, (ECF No. 38), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint. If Plaintiff chooses not to file a second amended complaint, this case will continue with respect to the claim not dismissed by this order.

**DATED** this ___10___ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge